1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:13-cr-0206 DAD AC P

12              Respondent,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14    ISRAEL WASHINGTON,

15              Movant.

16

17         Movant, a federal prisoner proceeding pro se, brings a motion under 28 U.S.C. § 2255 to

18    vacate his conviction and sentence.  ECF No. 249.[1]  The United States has opposed the motion.

19    ECF No. 262.  Movant did not file a reply.

20    I.      BACKGROUND

21         A.  The Trial

22         Israel Washington was tried on ten counts of drug trafficking (six counts of distribution,

23    two counts of possession with intent to distribute, and two counts of conspiracy to distribute and

24    possess with intent to distribute) involving various substances (heroin, crack cocaine, cocaine,

25    and methamphetamine) on various dates from January 2010 to May 2013.[2]  The government

26    presented evidence that Washington was the leader and organizer of a long-running South

27    _____

28    [1]  A duplicate copy of the motion is filed at ECF No. 252.  It will be stricken.
      [2]  The government has provided a chart that summarizes the charges.  ECF No. 262 at 7.

                                           1

1  Sacramento drug trafficking organization.  He owned an auto body shop that was used to conduct

2  drug trafficking transactions and store drug money.

3        The jury heard evidence regarding two conspiracies, one in which Washington partnered

4  with Terry Graham to run a drug trafficking operation between 2008 and 2011, and one in which

5  Washington conspired with various suppliers, subordinates, and distributors to traffic drugs

6  between 2012 and 2013.  Evidence of the latter conspiracy and related acts of trafficking was

7  presented largely through the testimony of a DEA agent who infiltrated the operation in 2012 and

8  conducted numerous undercover buys from Deyonte Spears.[3]  Evidence related to the earlier

9  conspiracy included law enforcement seizures of drugs, cash and guns linked to Washington and

10  his operation; intercepted phone calls; and testimony from two cooperating witnesses.  Paul Mack

11  was a downstream distributor who testified that Washington routinely supplied crack cocaine and

12  heroin to him from 2006 through 2010.  Mack introduced Washington to Lavern Fields, another

13  heroin supplier.  Fields testified that he met with Washington at Mack's suggestion to explore the

14  possibility of doing business together.  They discussed potential transactions, but Fields decided

15  not to work with Washington.  During their meeting, Washington disclosed various details of his

16  operation.

17        After a seven day trial, the jury found Washington guilty on all counts.  He was sentenced

18  to 408 months (i.e., 34 years) in prison.

19        B.  The Appeal

20        Washington appealed.  The U.S. Court of Appeals for the Ninth Circuit affirmed the

21  judgment and sentence.  ECF No. 230.

22    II.      THE MOTION

23        The § 2255 motion presents a single claim:  that "the court abused its discretion by

24  refusing keywitness testimony to the jury."  ECF No. 249 at 4.  An attached statement of facts

25  alleges that Paul Mack, described as the government's principal witness, testified untruthfully as

26  part of a cooperation agreement.  Movant alleges that the government's case turned on his

27

28  _____
   [3] The government relied on a <u>Pinkerton</u> theory as to Washington's liability for these transactions.

2

1    testimony.  During deliberations, the jury sent a note to the judge asking to review Paul Mack's

2    testimony.[4]  The request was denied.  The transcript of Mack's testimony reflects numerous

3    inconsistencies which demonstrate his testimonial unreliability.  The trial judge deprived the jury

4    of information it needed in order to assess Mack's credibility, in violation of movant's due

5    process rights.  The prosecutor failed to correct erroneous statements by the witness, in violation

6    of the government's due process obligations under Giglio v. United States, 405 U.S. 150 (1972).

7         III.    STANDARDS FOR REVIEW UNDER 28 U.S.C. § 2255

8         A federal prisoner making a collateral attack on the validity of his or her conviction or

9    sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28

10   U.S.C. § 2255, filed in the court which imposed sentence.  Tripati v. Henman, 843 F.2d 1160,

11   1162 (9th Cir. 1988).  Under section 2255, the district court may grant relief if it concludes that a

12   sentence violates the Constitution or laws of the United States.  United States v. Barron, 172 F.3d

13   1153, 1157 (9th Cir. 1999).  Both the grounds for relief and the scope of the remedy in a section

14   2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the

15   federal habeas corpus statute.  Davis v. United States, 417 U.S. 333, 343-44 (1974).

16        The district court must grant a hearing to determine the validity of a petition brought

17   under section 2255, unless the record conclusively shows that the prisoner is entitled to no relief.

18   United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In

19   other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if

20   true would entitle him to relief; and (2) the petition, files, and record of the case cannot

21   conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d

22   873, 877 (9th Cir. 2004).  Relief may be summarily denied without a hearing if the motion

23   contains no more than conclusory allegations.  United States v. Quan, 789 F.2d 711, 715 (9th Cir.

24   1986); see also Howard, 381 F.3d at 879.

25   ////

26   ////

27

28
_____
[4]  The note is on the docket at ECF No. 129, and is attached to the § 22155 motion at ECF No.
249, p. 43.

1    IV.    DISCUSSION

2          A.  The Law of the Case Doctrine Bars Movant's Claim

3          Movant's challenge to the denial of a readback cannot be considered in § 2255

4    proceedings, because the issue was raised and resolved on appeal.  Under the law of the case

5    doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the

6    same court, or a higher court, in the same case.  Richardson v. United States, 841 F.2d 993, 996

7    (9th Cir. 1988).  This doctrine precludes re-litigation in the § 2255 context of issues that have

8    been previously decided on direct appeal, either explicitly or by necessary implication.  United

9    States v. Jingles, 702 F.3d 494, 499 (9th Cir. 2012), cert. denied, 568 U.S. 1257 (2013).  A court

10   may have discretion to depart from the law of the case where (1) the first decision was clearly

11   erroneous; (2) an intervening change in the law has occurred; (3) the evidence is substantially

12   different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise

13   result.  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1977).  Failure to apply the

14   doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of

15   discretion.  Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.), cert. denied 508 U.S. 951 (1993).

16          On appeal of movant's conviction, the Ninth Circuit ruled as follows:

17              The district court did not abuse its discretion in deciding not to read
                back Paul Mack's testimony to the jury. See United States v. Richard,
18              504 F.3d 1109, 1113 (9th Cir. 2007). The district court explained its
                legitimate concerns with both the delay of trial a readback would
19              require and the risk of undue emphasis. See United States v. Price,
                921 F.3d 777, 792 (9th Cir. 2019). Washington makes fair arguments
20              as to why a readback may have been reasonable had one occurred.
                But "[i]n light of the district court's great latitude to address requests
21              for readbacks and its recognition of the problems associated with
                readbacks," United States v. Medina Casteneda, 511 F.3d 1246, 1249
22              (9th Cir. 2008), we cannot say the district court's decision to deny
                the readback was "illogical, implausible, or without support in
23              inferences that may be drawn from facts in the record," United States
                v. Hinkson, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).
24

25   ECF No. 230 at 2-3; United States v. Washington, 798 Fed. Appx. 148 (2020).  The appellate

26   court explicitly decided the issue presented here: whether the district court "abused its discretion

27   by refusing keywitness testimony to the jury."  ECF No. 249 at 4.  There has been no showing of

28   an intervening change in the law, substantially different evidence, or other changed circumstances

4

1   that would support reopening the issue.  Particularly in light of the standard of review on appeal,

2   there is no basis for finding clear error by the appellate court.

3        Neither is there any basis for finding manifest injustice.  Movant's allegations regarding

4   Mack's testimony, and the portions of the transcript that are reproduced in his motion, primarily

5   involve inconsistencies about certain dates and vagueness as to the details of long-ago

6   conversations.  These are matters for potential cross-examination, and there was such cross-

7   examination.[5]  Witness credibility is an issue reserved to the jury, and a jury's credibility

8   determinations are generally unreviewable in post-conviction proceedings.  See Bruce v. Terhune,

9   376 F.3d 950, 957 (9th Cir. 2004); United States v. Brady, 579 F.2d 1121, 1127 (9th Cir. 1978).

10   There is no reasonable basis here for a conclusion that the jurors would have evaluated Mack's

11   testimony differently, let alone reached a different verdict, if they had reviewed Mack's testimony

12   during deliberations.

13        In any event, Mack was not the government's "keywitness" and his testimony was not

14   nearly as important to the verdict as movant alleges.  There was ample evidence of Washington's

15   involvement in large-scale drug trafficking with Terry Graham from 2008 through 2011, which

16   was the essence of the first conspiracy charge.  That evidence included the 2008 seizure of drug

17   money from Washington and Graham during a traffic stop in Texas; the 2010 seizure from

18   Graham's home in Vallejo of a quarter kilogram package of cocaine that had Washington's

19   nickname written on it; and evidence that Graham had introduced Lawrence Nelson to

20   Washington for the purchase of cocaine in 2011.  Accordingly, any doubts about Mack's

21   reliability do not cast doubt on the validity of the conviction.  On the record of this case as a

22   whole, application of the law of the case doctrine works no manifest injustice.

23        The Ninth Circuit has already rejected movant's challenge to the denial of a readback, and

24   no exception to the law of the case doctrine applies.  Accordingly, movant is barred from re-

25

26   [5]  The government devotes a significant portion of its opposition brief to arguing the merits of an
     ineffective assistance of counsel claim that is not presented in the motion to vacate.  While
27   movant did bring a successful motion for new counsel following the verdict, see ECF No. 185,
     the § 2255 motion does not allege deficient attorney performance in relation to Mack's testimony
28   or otherwise.

1   litigating the issue and this court must summarily deny the § 2255 motion.  It would be an abuse

2   of discretion to do otherwise.  See Thomas, 983 F.2d at 155.

3           B.   Movant Has Not Presented a Prima Facie Case Under *Giglio*

4           To the extent that movant seeks relief under Giglio v. United States, 405 U.S. 150 (1972),[6]

5   he has not alleged facts that could entitle him to relief.  Giglio requires the pretrial disclosure to

6   the defense of potential impeachment information regarding witness credibility or bias.  Id.  It

7   holds that a new trial is required when there has been a failure to disclose impeachment evidence

8   which could in "reasonable likelihood" have affected the judgment of the jury as to testimony

9   essential to the government's case in chief.  Id. at 154 (citing Napue v. Illinois, 360 U.S. 264, 271

10  (1959)), 154-155.  Mack's cooperation agreement, unlike the witness cooperation agreement at

11  issue in Giglio, was disclosed to the defense and known to the jury.  See RT 267-268 (ECF No.

12  193 at 75-76).  Movant has presented no facts indicating that Mack received undisclosed benefits

13  in exchange for his testimony.  Moreover, Mack was not "the only witness linking petitioner with

14  the crime," without whose testimony "there could have been no indictment and no evidence to

15  carry the case to the jury."  Id. at 150, 154.

16          To the extent movant alleges that the prosecutor failed to correct false testimony, see

17  Giglio, 405 U.S. at 150 (recognizing that prosecutor's failure to correct false evidence violates

18  due process (citing Napue, supra)), he has identified no false evidence.  The witness's confusion

19  or lack of memory about dates and details does not amount to false evidence within the meaning

20  of Napue and Giglio.

21          For these reasons, the allegations of the motion to vacate do not identify a Giglio violation

22  or any related deprivation of due process.  Because Washington has not alleged specific facts

23  which, if true, would entitle him to relief, the motion to vacate should be denied without a

24  hearing.  See Howard, 381 F.3d at 877.

25  ////

26

27    [6]  The § 2255 motion does not present a freestanding Giglio claim, but does contain allegations
    that the prosecutor's failure to correct false statements and inconsistencies in Mack's testimony
28  violated Washington's rights under Giglio.

6

CONCLUSION

For all the reasons explained above, IT IS HEREBY ORDERED that the Motion to vacate filed at ECF No. 252 is STRICKEN as duplicative of that at ECF No. 249.

IT IS FURTHER RECOMMENDED that the motion to vacate under 28 U.S.C. § 2255, ECF No. 249, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 8, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE