UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>ISRAEL WASHINGTON,<br><br>　　　　Defendant-Movant. | No. 2:13-cr-00206-DAD-AC (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. Nos. 249, 276) |

　　　　Movant is a federal prisoner proceeding *pro se* with a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 249.)  Therein, movant argues that the trial judge abused his discretion in declining the jury's request for a readback of one prosecution witness's testimony.  (*Id.* at 4.)  Movant also suggests that the same witness testified falsely and that the prosecutor knew that his testimony was false.  (*Id.* at 4, 15–30, 40–41.)  The government filed an opposition to the pending motion.  (Doc. No. 262.)

　　　　On November 12, 2024, the assigned magistrate judge issued findings and recommendations recommending that movant's § 2255 motion be denied.  (Doc. No. 276.)  Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 7.)  Following the granting of an extension of time to do so, on March 28, 2025, movant filed his objections to

1

the findings and recommendations. (Doc. No. 279.)¹ In his objections, movant repeats his argument that the trial judge erred in declining the jury's request for a readback of one witness's testimony and continues to suggest that the witness's testimony was false and that the prosecutor was aware of its false nature. These arguments do not provide any basis upon which to reject the findings and recommendations. As explained by the magistrate judge, movant's argument that the trial court erred in declining the jury's request for a readback was specifically rejected by the Ninth Circuit on appeal and cannot be relitigated by way of § 2255 motion. (Doc. No. 276 at 4–7.) Moreover, to the extent he suggests a violation of his rights under *Napue* and/or *Giglio* in connection with the witness's trial testimony, movant has not alleged any facts that would entitle him to relief and thus has failed to state a cognizable claim. (*Id*. at 6.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending § 2255 motion must be denied, the court will also decline to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, movant has failed to make the required showing.

For the reasons explained above:

1. The findings and recommendations issued November 12, 2024 (Doc. No. 276) are ADOPTED in full;

---

¹ On March 31, 2025, the court received an identical copy of movant's objections. (Doc. No. 280.)

2

2. Movant's motion to vacate and set aside his conviction and sentence brought pursuant to 28 U.S.C. § 2255 (Doc. No. 249) is DENIED;

3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

4. The Clerk of Court is directed to CLOSE this case as well as the companion civil case No. 2:22-cv-00036.

IT IS SO ORDERED.

Dated: **May 9, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3